IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, a minor, by and through her parents and natural guardians, RICHARD DOE AND MARY DOE, <br><br> Plaintiff, <br><br> v. <br><br> CHARLEROI SCHOOL DISTRICT; BETHLEHEM-CENTER SCHOOL DISTRICT; JENNIFER MARIE JOYCE; and PATRICIA MASON, <br><br> Defendants. | Civ. No. 2:14-cv-951 <br> Judge Maurice B. Cohill |

## OPINION

Pending before the Court is a Partial Motion to Dismiss [ECF No. 14] filed by Defendants Charleroi School District ("Charleroi") and Patricia Mason ("Mason"), the Principal at Charleroi School (collectively "Charleroi Defendants") pursuant to Rule 12 of the Federal Rules of Civil Procedure. When making a determination regarding a motion to dismiss, the Court must consider the facts and allegations as they are presented by Plaintiff.

Plaintiff, Jane Doe, was a seventeen-year-old student in Charleroi School District [ECF No. 1 at 2]. Jeffery A. Hahn, Jr. ("Hahn"), an adult, was a teacher at Bethlehem Center School District ("Bethlehem"); he was "borrowed" by Charleroi to produce a school musical at Charleroi [ECF No. 1 at 3-4]. Defendant Mason was the Principal of Charleroi [ECF No. 1 at 2], and Defendant Jennifer Marie Joyce ("Joyce") was a teacher at Charleroi and was in charge of the school musical and responsible for recruiting Hahn as the producer [ECF No. 1 at 3].

Hahn and Jane Doe entered into a romantic relationship during the course of the musical and after. The relationship included telephone and electronic communication, in-person

meetings, handholding, hugs, and other physical contact. Joyce was informed by friends of Jane Doe and by Jane Doe herself that there was a romantic relationship between Jane Doe and Hahn [ECF No. 1 at 5]. Joyce warned Hahn to stop the inappropriate relationship but took no other action [ECF No. 1 at 5]. Jane Doe also alleges that Bethlehem knew Hahn engaged in other inappropriate relationships but failed to fully investigate or discipline Hahn [ECF No. 1 at 4].

On or about May 4, 2012 Hahn requested Jane Doe to help him remove stage props from a basement storage room at Charleroi's High School Auditorium. When the two met in the basement storage room Hahn subdued, sexually assaulted, and forcibly raped Jane Doe. Jane Doe's head was slammed against the wall causing a laceration and bleeding [ECF No. 1 at 4-5].

Charges were brought against Hahn for sexual assault, corrupting a minor, institutional sexual assault, and statutory sexual assault. Hahn subsequently pled guilty and was sentenced to 4-8 years' imprisonment followed by 10 years of state-supervised probation [ECF No. 1 at 6]. Joyce was charged with failing to report suspected child abuse and sentenced to 12 months of court supervision [ECF No. 1 at 5]. Jane Doe, and her parents have filed this action against Charleroi, Bethlehem, Joyce, and Mason.

On July 15, 2014, Plaintiff, Jane Doe, filed a Complaint in Civil Action [ECF No. 1] seeking compensatory damages, costs of suit, attorneys' fees, and any other relief the court deems appropriate under Title IX and 42 U.S.C. § 1983. The Complaint alleges Count I, Violation of Title IX, 20 U.S.C. § 1681(a) (Sexual harassment and sexual assault by Hahn against Charleroi and Mason, among others); Count II, Violation of 42 U.S.C. § 1983 (Sexual harassment and sexual assault by Hahn against Charleroi and Mason, among others); Count III, Violation of Title IX, 20 U.S.C. § 1681(Sexually hostile educational environment and retaliation against Charleroi and Mason among others); and Count IV, Violation of 42 U.S.C. § 1983 (Sexually hostile

educational environment and retaliation against Charleroi and Mason, among others) [ECF No. 1].

On September 15, 2014, Charleroi Defendants filed their Partial Motion to Dismiss and supporting Brief [ECF Nos. 14 and 15] claiming that Counts I, II, and III should be dismissed with prejudice as to Mason because an individual is not a proper defendant under the law. Charleroi Defendants also assert that Counts I and II should be dismissed with prejudice as to Charleroi because the elements of the claim are not factually substantiated.

In Jane Doe's Brief in Opposition to Charleroi Defendants' Partial Motion to Dismiss [ECF No. 17], Jane Doe consents to the Motion to Dismiss Counts I, II, and III as to Mason. With regard to Counts I and III there can be no individual liability under Title IX, and as such a claim cannot be maintained against an individual school official such as Mason. With regard to Count II under 42 U.S.C. § 1983 Jane Doe must show a specific causal link between Mason and the alleged constitutional deprivation, which was not done in Jane Doe's Complaint. However, Jane Doe requests that Count II be dismissed without prejudice in the event that discovery reveals grounds for liability against Mason at a later date. As such, this Court will grant the Motion to Dismiss with regard to Defendant Mason on Counts I, II, and III. Counts I and III are dismissed with prejudice. Count II is dismissed without prejudice.

Jane Doe, however, contests the dismissal of Counts I and II as to Charleroi. The Court will address the Parties' arguments with regard to these two counts below.

**I. Standard of Review.**

In ruling on a Rule 12(b)(6) Motion for Failure to State a Claim upon which Relief can be Granted, a court must "'accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)); (see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007)). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (citing Twombly, 550 U.S. at 555).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). "Factual allegations [of a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Thus, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

The Supreme Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions;

4

therefore, pleadings must include factual allegations to support the legal claims asserted. See 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Phillips, 515 F.3d at 232 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 555 n. 3 (2007)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips, "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

## II. Relevant Facts

After the assault Jane Doe returned to Charleroi School in August of 2012 for the new school year. Jane Doe alleges that, upon her return, she endured harassment and confrontations from fellow students regarding the incident with Hahn. Furthermore, Jane Doe asserts that Principal Patricia Mason harassed her saying she did not believe Jane Doe was raped, and that Jane Doe was just seeking attention. Mason forbade Jane Doe from getting help from teachers [ECF No. 1 at 6-7]. Jane Doe's parents reported to Superintendent, Brad Ferko, that due to

5

Mason's hostile, retaliatory and harassing actions toward Jane Doe at school Jane Doe could not remain in Charleroi School [ECF No. 1 at 7].

Jane Doe began attending cyber school for periods 1 through 6 and then went to Charleroi for the last two periods of algebra and band/music in the classroom setting [ECF No. 1 at 8]. Though Jane Doe's attendance at Charleroi was reduced, she alleges that the harassment and retaliatory treatment continued. The blood stain left on the wall from Hahn's attack was never cleaned though it was upsetting to Jane Doe. Jane Doe would have flashbacks and crying episodes when she saw it, and she had requested it be cleaned repeatedly [ECF No. 1 at 8].

In December of 2012 Jane Doe was awarded a part in the school musical. While other students were permitted to attend practice during school, Jane Doe was denied a hall pass to attend practices [ECF No. 1 at 8]. Due to the continuing harassment at Charleroi, and the fact that the school district made no reasonable attempt to address the harassing behavior, Jane Doe withdrew from Charleroi completely for the 2013-2014 school year and enrolled at an independent cyber school program [ECF No. 1 at 9].

### III. Legal Analysis

Charleroi Defendants seek to dismiss several claims of Jane Doe. First, Charleroi Defendants seek dismissal of Counts I and III under Title IX, 20 U.S.C. § 1681 as to Mason because the Courts have consistently held that there is no individual liability under Title IX. See Fitzgerald v. Barnstable School Committee, 555 U.S. 246, 257 (2009). Jane Doe concedes this fact and consents to the dismissal of Counts I and III with prejudice.

Second Charleroi Defendants seek dismissal of Count II under 42 U.S.C. § 1983 as to Mason because a necessary element of a claim under this statute is there must be a causal link

between Mason's official conduct and the alleged constitutional or statutory deprivation. See Fialkowski v. Shapp, 405 F. Supp 946, 950 (E.D. Pa. 1975); Rode v. Dellarciprete, 845 F.2d 1195, 1204 (3d Cir. 1988). In this case Jane Doe has not alleged that Mason was acting in an official capacity and that her official conduct subjected Jane Doe to a deprivation of a Constitutional Right. Therefore, Jane Doe concedes the dismissal of the claim, reserving the right to re-allege the claim should discovery produce facts to support such a claim.

Third, Charleroi Defendants seek dismissal of Count I under Title IX, 20 U.S.C. § 1681 as to Charleroi asserting that in order for a school district to be liable under this statute, an appropriate official of the school district with authority to take corrective action to end the discrimination must have actual knowledge of the discrimination and fail to adequately respond. See Gebserv. Lago Vista Independent Sch. Dist., 524 U.S. 274, 290 (1998). In this case, Charleroi Defendants claim that the only school employee to have actual knowledge of the relationship between Hahn and Jane Doe was Joyce, and Joyce was not an "appropriate official" who would be required to take action under the law. Jane Doe contests the Defendants' position and asserts that she has alleged sufficient facts that Joyce is an "appropriate person" under the law to take corrective measures in response to actual notice of sexual harassment. We further note that Mason is also a potentially "appropriate person" who based on the alleged facts would also have had notice of harassing treatment of Jane Doe.

The fourth and final claim where Charleroi Defendants seek dismissal is with regard to Count II under 42 U.S.C. § 1983 against Charleroi. Charleroi Defendants claim that Jane Doe must show a policy, practice, or custom of the school district which deprived Jane Doe of some federally secured right. See Bielevicz. v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).

Defendants claim that Jane Doe has not alleged any policy, practice or custom that was employed by Charleroi and practiced by a school official that deprived Jane Doe of her rights. Charleroi Defendants reassert that Joyce is not an "appropriate" authority and her actions, were not dictated by any school policy, and were not attached to Charleroi procedures in any way [ECF No. 15 at 11]. Jane Doe counters Charleroi Defendants' arguments by asserting that Charleroi Defendants interpretation of the statute is too narrow. Jane Doe once again asserts that Joyce is an appropriate authority and representative of the school district.

**Analysis**

To reiterate what was stated above, on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A court must accept as true all of the factual allegations contained in a complaint, however, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Based on the testimony provided by both parties, we find that Plaintiffs have stated a claim upon which relief can be granted. Therefore, Charleroi Defendants' Motion to Dismiss is denied with regard to Counts I and II as to Charleroi.

**Count I Against Charleroi**

Jane Doe asserts that she was sexually assaulted by Hahn and later harassed by the students of the school and by Principal Mason. Under 20 U.S.C. § 1681(a) ("Sex"), Prohibition against discrimination – "No person in the United States shall, on the basis of sex, be excluded

8

from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

> From the first day of class [of 2012], Jane Doe was subjected to harassing confrontations and comments by fellow students regarding the sexual assault and Jane Doe's relationship with Hahn. She had flashbacks regarding the sexual assault while in school, and was visibly reminded of the assault because she regularly walked past the wall that had the stain from her blood. She frequently broke down emotionally, had panic attacks, and began crying during classes. [ECF No. 1 at 6]
>
> During one such episode in August 2012, Jane Doe was crying uncontrollably during her math class. Principal Mason pulled Jane Doe out of class and demanded to know why she was crying and making such a scene . . . Principal Mason said that she did not believe that Jane Doe was raped by Hahn and that Jane Doe needed to stop telling outrageous stories. Principal Mason said that Jane Doe was making all of this up because she just wanted attention. Principal Mason forbade Jane Doe from seeking help or guidance from any teachers and said that Jane Doe was not permitted to leave the classroom. [ECF No. 1 at 6]

"A school district may be liable under Title IX provided it: (1) has actual knowledge of, and (2) is deliberately indifferent to, (3) harassment that is so severe, pervasive and objectively offensive as to (4) deprive access to the educational benefits or opportunities provided by the school." Rost ex rel. K.C. v. Steamboat Springs RE-2 School Dist., 511 F.3d 1114, 1119 (2008); 20 U.S.C.A. § 1681 (West). Charleroi Defendants claim that actual knowledge may only be gained by the school district through an "appropriate actor" and that Joyce, the only teacher with knowledge had no authority to discipline [ECF No. 15 at 7]. Jane Doe claims that Joyce did have authority and further states that there is no case law precedent to support that a teacher of Joyce's stature would not have the proper authority under the law.

Viewing Plaintiffs' claim in a light most favorable to them, we find the following factual assertions and reasonable legal inferences to be plausible: That Jane Doe attended Charleroi, a

qualifying institution under Title IX; that Joyce, an employee of Charleroi knew of an inappropriate relationship between Jane Doe and another contract employee (Hahn); that Jane Doe suffered a sexual assault by Hahn; that Jane Doe suffered harassment from her peers due to the sexual relationship and assault by Hahn; that Jane Doe was harassed by an employee of Charleroi (Mason) upon her return to school after the assault; that Joyce, Mason, and likely other teachers had knowledge of the alleged harassment. These allegations constitute "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct at 1965). "Whether gender-oriented conduct rises to the level of actionable "harassment" under Title IX depends on a constellation of surrounding circumstances, expectations, and relationships, including, but not limited to, the ages of the harasser and the victim and the number of individuals involved." 20 U.S.C.A. § 1681 (West).

Plaintiff's allegations in this case are plausible. Plaintiff has presented a set of facts, which under the applicable law, present potential for a legitimate claim. We, therefore, find that Plaintiffs have adequately pleaded a claim for relief based on the allegations.

**Count II Against Charleroi**

Count II against Charleroi under 42 U.S.C. § 1983 generally hinges on the same facts as described above. The law reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such

10

officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C.A. § 1983 (West).

Charleroi Defendants state this claim should be dismissed because Jane Doe must show a policy, practice or custom of the school district which deprived her of some federally secured right [ECF No. 15 at 9]. Furthermore, she must show the damaging action was taken with a requisite degree of culpability [ECF No. 15 at 10]. Jane Doe states that Charleroi implemented a policy, pattern, custom and practice of preferential treatment with deliberate indifference towards female students, and this caused a violation of Jane Doe's Constitutional Rights [ECF No. 1 at 11]. Charleroi Defendants claim that Jane Doe has not sufficiently alleged any policy, practice or custom for which Charleroi can be held liable under Section 1983 [ECF No. 15 at 11].

Jane Doe counters by stating that a school district may be held liable if the actions of its employees can be deemed to be the result of policy or custom. See Kobrick, 2014 U.S. Dist. LEXIS 137554 at *23.

> [A] policy or custom may also exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice to likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need. Id.

The facts are identical and application of the law is similar to the claim under Title IX above, therefore, our conclusion is the same. While precedential law exists supporting Charleroi Defendants' position that the action at issue must be based on policy to create liability, See Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397 (1997), based on our reading of Kobrick we find it to be a question of fact whether Charleroi was implementing policy in its treatment of Jane Doe at the direction of Mason

11

and we find it is a question of fact whether Joyce or Mason may be considered a person of authority or representatives of Charleroi.

We find that Jane Doe has sufficiently presented plausible facts, which under the law as applied could produce a legitimate cause of action. Because relevant case law presents different factual scenarios where a school district may be deemed to be in violation of Section 1983, we find that there is sufficient information in the Complaint from which the Court can reasonably infer that the Plaintiff is entitled to relief.

## IV. Conclusion.

Because Plaintiffs have provided sufficient factual matter to state a claim to relief that is plausible on its face, Defendant's Motion to Dismiss will be denied with regard Counts I and II as to Defendant Charleroi School District. The case shall proceed in consideration of Plaintiff's claims.

An appropriate Order follows.

October 22nd, 2014

Maurice B. Cohill, Jr.
Senior District Court Judge